STATE, PAVONIA HORSE RAILROAD COMPANY, PROSECUTOR, v. MAYOR AND ALDERMEN OF JERSEY CITY.

The "Act respecting licenses in cities of the first class," (*Pamph. L.* 1882, *p.* 247,) is local and special, and therefore unconstitutional.

On *certiorari* to review an ordinance of the common council of Jersey City.

| | |
|---|---|
| 45 | 297 |
| 54 | 445 |
| 45 | 297 |
| 55 | 76 |
| 45 | 297 |
| 56 | 81 |
| 56 | 234 |
| 45 | 297 |
| 58 | 608 |
| 45 | 297 |
| 56e | 263 |

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutor, *A. Zabriskie.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up for review an ordinance of Jersey City passed June 13th, 1882, requiring the prosecutor and all other corporations or persons controlling horse cars running through the streets of the city, for the transportation of passengers, to pay an annual license fee of $10 for each car. The ordinance purports to have been passed by authority of " An act respecting licenses in cities of the first class," approved March 31st, 1882, (*Pamph. L., p.* 247,) and no other authority for it is suggested or appears.

The prosecutor insists that this statute does not warrant it, and we have come to that conclusion.

The title of the act indicates that it was designed to relate to all cities of the first class, which, according to the City Classification act, approved March 4th, 1882, (*Pamph. L., p.* 47,) would mean all cities having a population exceeding one hundred thousand inhabitants, the class enlarging from time to time so as to embrace cities growing to the designated size. But the body of this act of March 31st limits its operation to cities having a population of over one hundred thousand, *according to the last census of the United States,* and thereby prevents its ever applying to any other cities than Newark and Jersey City.

Without undertaking to pass upon the merits of any general classification of municipal bodies on the basis of population, it is safe to say that acts which, like the present, only use population as a means of designating particular cities, to the exclusion of others that may acquire the same characteristics, have already been condemned as special and local, and therefore unconstitutional. *Coutieri* v. *New Brunswick,* 15 *Vroom* 58 ; *Zeigler* v. *Gaddis,* 15 *Vroom* 363.

The ordinance must be annulled